IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANNETTE WARNER                                                                    PLAINTIFF

vs.                                    Civil No. 4:16-cv-04118

NANCY A. BERRYHILL                                                               DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Annette Warner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on January 3, 2014. (Tr. 61). In this application, Plaintiff alleges being disabled due to degenerative disc disease from a neck injury, arthritis, and high blood pressure. (Tr. 144). Plaintiff alleges an onset date of August 15, 2012. (Tr. 61). Her application was denied initially and again upon reconsideration. (Tr. 36-46).

Plaintiff requested an administrative hearing on her denied application. (Tr. 90-91). This hearing request was granted, and Plaintiff's administrative hearing was held on September 15, 2015

in Texarkana, Arkansas. (Tr. 9-35). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Rowsey[1] testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 14-15). As for her education, Plaintiff testified she had obtained her GED. (Tr. 14).

On November 24, 2015, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 58-70). The ALJ determined Plaintiff last met the insured status requirements of the Act on June 30, 2015. (Tr. 63, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of August 15, 2012 through her date last insured of June 30, 2015. (Tr. 63, Finding 2). The ALJ determined, through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status-post fusion, degenerative joint disease status-post total arthroplasty, right wrist fusion status-post remote trauma and surgery. (Tr. 63, Finding 3). The ALJ determined that, through her date last insured, Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 65, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 65-68, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

After careful consideration of the entire record, the undersigned finds that, through

---

[1] Mr. Rowsey's first name was not included in the transcript.

the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can use either upper extremity occasionally to reach overhead and would be limited to frequent but not constant use of the non-dominant right upper extremity for handling and fingering.

*Id.*

The ALJ then evaluated Plaintiff's ability to perform to perform her Past Relevant Work ("PRW"). (Tr. 69, Finding 6). Specifically, the ALJ found that, through her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 69, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work exiting in significant numbers in the national economy. (Tr. 69-70, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following occupations: (1) escort vehicle driver (unskilled, sedentary) with 780,000 such jobs in the national economy; (2) telephone quotation clerk (unskilled, sedentary) with 997,000 such jobs in the national economy; and (3) document preparer (unskilled, sedentary) with 2,800,000 such jobs in the national economy. (Tr. 70). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from August 15, 2012 (alleged onset date) through June 30, 2015 (date last insured). (Tr. 70, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 8). On November 2, 2016, the Appeals Council denied this request for review. (Tr. 1-3). On December 12, 2016, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF No. 5, 13-14. This case is now ready for determination.

3

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in evaluating the Listings; and (2) the ALJ erred in assessing her RFC. ECF No. 13 at 1-18. In raising her second claim and arguing the ALJ improperly considered her RFC, Plaintiff also argues the ALJ improperly considered her alleged pain. ECF No. 13 at 15. Upon review, the Court agrees and finds the ALJ did not properly consider her alleged pain and has not supplied a sufficient basis for discounting her subjective complaints of disabling pain. Thus, the Court will only consider Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski* and did not properly consider her alleged pain. Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not supported by her medical records. As the ALJ stated, Plaintiff's complaints of wrist pain was only "considered credible to the extent it is consistent with the medical records discussed above." (Tr. 67). As for her knee pain, the ALJ found Plaintiff's knee pain was not supported by "objective findings of muscle atrophy or deformity." *Id.* These findings wer improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints of disabling pain, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of February 2018.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE